MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Bennetti, | No. CV 19-05068-PHX-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Robert L. Gottfield, et al., | |
| Defendants. | |

On August 30, 2019, Plaintiff Dino Bennetti, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se Complaint and an Application to Proceed In Forma Pauperis. In a September 9, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had not filed his Complaint on a court-approved form, as required by Local Rule of Civil Procedure 3.4. The Court gave Plaintiff thirty days to file an amended complaint on a court-approved form. On September 23, 2019, Plaintiff filed a First Amended Complaint (Doc. 8). The Court will dismiss the First Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

. . . .

**II. First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues Maricopa County Superior Court Judge Robert Gottfield and former Maricopa County Clerk Michael K. Jeans.[1] Plaintiff alleges his Fourteenth Amendment right to due process was violated based on "negligence/libel/and defamation." Plaintiff contends that on July 24, 2019, he received a minute entry from the Clerk of Court stating that he had been found guilty of two counts of first-degree murder Maricopa County Superior Court cases CR2002-006108-A and CR2002-010429-B, "per [Defendants] Gottfield and . . . Jeans." According to Plaintiff, the minute entry stated that he had been sentenced to life without parole in both cases based on a plea of (guilty)." Plaintiff asserts that "[i]f this were true, then it was publish[ed] and became public knowledge on or about July 1, 2005."

Plaintiff asserts that this is a "grave mistake" and "'libel'/'defamation.'" He claims that "[d]ue to these false charges and sentences, and published notification to the public," he has "los[t] (3) parole hearings, chances to [be] parole[d] to [his] next term, or . . . absolute discharge on [his] original case." Plaintiff seeks monetary damages and injunctive relief "ordering this error b[e] fixed[ and] taking it off the Plaintiff's record."

**III. Failure to State a Claim**

    **A. Request for Monetary Damages**

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or

---

[1] Plaintiff has misspelled Defendants names. The proper spellings are "Gottsfield" and "Jeanes."

procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Likewise, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Immunity is not lost because the Clerk makes a mistake or fails to carry out his duties, even when it results in "'grave procedural errors.'"

Because both Defendants are immune from liability for damages, the Court will dismiss without prejudice Plaintiff's requests for damages.

## B. Request for Injunctive Relief

Plaintiff has not provided the Court with a copy of the minute entry he allegedly received on July 24, 2019. The Court has reviewed the dockets in the two cases to which Plaintiff refers, Maricopa County Superior Court case numbers CR2002-006108-A and CR2002-010429-B. Defendant Gottfield did not issue any minute entries in either case.[2] However, the July 1, 2015 minute entries in both cases indicate that an entirely different individual pleaded guilty to first-degree murder and was sentenced in each case to natural life without the possibility of parole.[3]

Of the Maricopa County Superior Court minute entries issued since 2002 in Plaintiff's two criminal cases, CR1990-090602[4] and CR2011-005834, only two were issued by Defendant Gottfield.[5] The March 6, 2012 minute entry issued by Defendant

---

[2] *See* http://www.courtminutes.maricopa.gov/JONamesearch.asp?department=&casenumber=cr2002006108&partydesignator=&lastname=&firstname=&middlename=&joname=&entryfromdate=&entrytodate=&submit=Retrieve+Minute+Entries#search (last accessed Sept. 30, 2019) and http://www.courtminutes.maricopa.gov/JONamesearch.asp?department=&casenumber=cr2002010429&partydesignator=&lastname=&firstname=&middlename=&joname=&entryfromdate=&entrytodate=&submit=Retrieve+Minute+Entries#search (last accessed Sept. 30, 2019).

[3] *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/072005/m1865746.pdf and http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/072005/m1865748.pdf (last accessed Sept. 30, 2019).

[4] According to the Superior Court's records, Plaintiff is also known as Paul Charles Denatale. *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/092019/m8866478.pdf (last accessed Sept. 30, 2019).

[5] *See* http://www.courtminutes.maricopa.gov/JONamesearch.asp?department=&ca

Gottfield in CR1990-090602 denied Plaintiff's Notice of Post-Conviction Relief and contains a discussion regarding the convictions and sentences in CR2002-006108-A and CR2002-010429-B.[6] However, that minute entry was issued on March 6, 2012, and was mailed to Plaintiff at the prison. Plaintiff does not indicate that he did not receive the minute entry in 2012, and it is unclear to the Court how this claim is not barred by the statute of limitations.[7]

Even if the claim was not barred by the statute of limitations, Plaintiff is not entitled to the injunctive relief he seeks. First, any mistake in the minute entry did not deny Plaintiff due process because the error could have been corrected either by filing a motion with Defendant Gottfield or seeking appellate review. *See Biggs v. Ward*, 212 F.2d 209, 210 (7th Cir. 1954) (per curium) ("Lack of due process is not established by showing that a decision is erroneous, for such an error may be corrected in the courts of the state."). Second, if the Court were to grant the injunctive relief Plaintiff requests, the Court would, in essence, be issuing a writ of mandamus in the underlying state court proceeding. The Court lacks jurisdiction to issue such an order. *See Demos v. United States Dist. Ct. for E. Dist. of Was.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

### C. State Law Claims

The Court will not exercise supplemental jurisdiction over Plaintiff's state-law negligence, libel, and defamation claims because Plaintiff's federal claims have been

---

senumber=cr1990090602&partydesignator=&lastname=&firstname=&middlename=&joname=&entryfromdate=&entrytodate=&submit=Retrieve+Minute+Entries (last accessed Sept. 30, 2019) and http://www.courtminutes.maricopa.gov/JONamesearch.asp?department=&casenumber=&partydesignator=&lastname=bennetti&firstname=dino&middlename=&joname=&entryfromdate=&entrytodate=&submit=Retrieve+Minute+Entries (last accessed Sept. 30, 2019).

[6] *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/032012/m5142417.pdf (last accessed Sept. 30, 2019).

[7] The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1). Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998).

dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 8) is **dismissed** pursuant to 28 U.S.C. § 1915A(b), and the Clerk of Court must enter judgment accordingly.

(2) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 4th day of October, 2019.

David G. Campbell
Senior United States District Judge